989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred FRANKLIN, Petitioner-Appellant,
v.
William H. DALLMAN, Supt., Respondent-Appellee.
 No. 92-3273.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Fred Franklin, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After a jury trial, Franklin was found guilty on single counts of drug abuse, trafficking in drugs, possession of criminal tools, and having a weapon while under a disability, based on events which occurred on August 28, 1987, and single counts of trafficking in drugs, having a weapon while under a disability, possession of criminal tools and carrying a concealed weapon, based on events which occurred on May 18, 1987.
 
 
 4
 Franklin was sentenced to consecutive sentences of a two-year term, seven to twenty-five years with five years actual incarceration, three to five years incarceration, and a two-year definite term, plus a $10,000 fine for the events on August 28, 1987. For the events on May 18, 1987, Franklin was given consecutive sentences of five to fifteen years with three years actual incarceration, eighteen months, and two years incarceration, plus a $10,000 fine. Franklin appealed his convictions to the Ohio Court of Appeals, advancing seventeen assignments of error. The appellate court affirmed the convictions but vacated the fines and remanded the case for resentencing in accordance with its opinion. Franklin's motion for leave to appeal to the Ohio Supreme Court was denied.
 
 
 5
 He then filed his current habeas petition, raising thirteen assignments of error. In a nineteen page report and recommendation, a magistrate judge carefully considered all of Franklin's claims and recommended dismissing the case. Franklin filed timely objections. Upon de novo review, the district court indicated that the objections were not well taken and that some of the objections were merely a verbatim restatement of those arguments which had already been presented to the magistrate judge. The district court further noted that Franklin's objection "to each and every finding by the magistrate" was too general and not sufficient to preserve his right to review on all his claims. Specifically, the district court would not consider eight claims raised by Franklin. The court considered five claims, but found that they lacked merit, and did not warrant habeas relief.
 
 
 6
 Franklin has filed a timely appeal. In his first brief, he did not raise any of the claims which he raised in the district court. However, this court gave Franklin an opportunity to file a supplemental brief which has been construed as raising those claims which he raised in the district court. For the first time on appeal, Franklin raises two new issues regarding ineffective assistance of counsel and the partiality of the trial judge. Franklin has filed a motion for the appointment of counsel and requests pauper status. The appellees have notified the court that they will not be filing a brief.
 
 
 7
 Initially, the court notes that it does not review the two new issues raised for the first time on appeal. See White v. Anchor Motor Freight, 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Upon review, we affirm the judgment of the district court for the reasons set forth in the district court's opinion and order filed on November 15, 1991. The record demonstrates that Franklin was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 9
 Accordingly, Franklin's request for pauper status is granted, his motion to appoint counsel is denied, and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation